UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

LAMAR CONSTRUCTION CO.                    No. 14-04719-jwb
                                          Chapter 7
                                          Hon. James W. Boyd

        Debtor.

_____/

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO CERTAIN LEASED
EQUIPMENT OR ALTERNATIVELY TO COMPEL IMMEDIATE REJECTION OF LEASE
AND TURNOVER OF EQUIPMENT**

        Fifth Third Bank, an Ohio banking corporation ("**Fifth Third**"), by its attorneys, Dickinson
Wright PLLC, hereby moves for Relief from the Automatic Stay as to Certain Leased Equipment (as
defined below), or Alternatively, for an Order Compelling the Immediate Rejection of the Equipment
Lease described below and in support of its Motion, says as follows:

        1.      The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on July 11, 2014 (the
"**Petition Date**").

        2.      Prior to the Petition Date, the Debtor entered into a Master Equipment Lease Agreement
with Fifth Third dated as of March 24, 2008 (as amended from time to time, the "**Master Lease**").
Pursuant to the terms and conditions of the Master Lease, the Debtor and Fifth Third subsequently
entered into that certain Equipment Schedule No. 004 to Master Equipment Lease Agreement dated as of
March 24, 2008 ("**Schedule 4**").  Schedule 4 described certain specific pieces of construction related
equipment that were leased to the Debtor by Fifth Third, on the general terms and conditions of the
Master Lease, as supplemented by Schedule 4, and remained outstanding as of the Petition Date.  The
specific equipment subject to Schedule 4 (collectively the "**Leased Equipment**") is specifically
described on Schedule 1 to Equipment Schedule 4 ("**Equipment Schedule 1**").  The Master Lease,
Schedule 4 and Equipment Schedule 1 are referred to collectively herein as the "**Fifth Third Equipment**

**Lease**".  A copy of the Fifth Third Equipment Lease is attached as Exhibit "A".  Although Fifth Third is the owner of the Leased Equipment under the terms of the Fifth Third Equipment Lease, Fifth Third also filed a UCC financing statement describing the equipment set forth on Equipment Schedule 1.  A copy of that financing statement is attached as Exhibit "B".

3.      Prior to the Petition Date a default occurred under the Fifth Third Equipment Lease as a result of, without limitation, the Debtor's default under certain other loan documents between the Debtor and Fifth Third. The Debtor failed to cure the defaults.  As of July 11, 2014, the unpaid amount owing to Fifth Third under the terms of the Fifth Third Equipment Lease was not less than $469,318.79, including accrued but unpaid interest as of such date as determined in accordance with the provisions of Section 16(c) of the Master Lease, but excluding other fees and costs which the Debtor is obligated to pay but which have not been finally determined as of the date hereof (including without limitation, costs of repossession and disposition of the Leased Equipment), as permitted under the Fifth Third Equipment Lease.  The Leased Equipment is owned by Fifth Third, and as such the Debtor lacks equity in the Leased Equipment.  Further the Leased Equipment is clearly not necessary for any reorganization of the Debtor as this is a Chapter 7 proceeding. Thus relief from the automatic stay with respect to the Leased Equipment is appropriate under Section 362(d)(2) of the Bankruptcy Code so that Fifth Third can take possession of the Leased Equipment and dispose of it as permitted under the Equipment Lease and applicable state law.

4.      In addition, the Debtor discontinued business operations immediately prior to the commencement of this case.  The Debtor therefore has no further use for the Leased Equipment, and there is a risk that the Leased Equipment will be stolen or damaged if Fifth Third is not granted relief from the automatic stay to exercise its remedies with respect to the Leased Equipment.  Fifth Third further reasonably believes that the Trustee lacks funds to make any form of lease payments to Fifth Third as required by the Bankruptcy Code, and as a result, the Trustee has previously provided Fifth Third with authorization to take possession of the Leased Equipment, pending the entry of an order

2

lifting the automatic stay or other appropriate relief from the Court.  All of the foregoing demonstrates that Fifth Third is not adequately protected with respect to the Leased Equipment, and constitutes cause for relief from the automatic stay under Section 362(d)(1) of the Code, so that Fifth Third can take possession of the Leased Equipment and dispose of it as permitted under the Equipment Lease and applicable state law.

5.    Alternatively, given that the Trustee has no ability to assume the Equipment Lease, the Court should order that the Trustee reject it immediately.  Under Section 365(d)(2) of the Bankruptcy Code, the Court is empowered to order the assumption or rejection of an unexpired lease of personal property within a specified time.  As a general matter, the determination as to whether to set a specified time for assumption or rejection of an unexpired lease lies within the discretion of the Court.  See e.g. In re Resource Technology Corp. 254 B.R. 215 (Bankr. N.D. Illl. 2000).  Under the circumstances presented in this case, as outlined above, the Court should exercise its discretion and enter an order that requires immediate rejection of the Lease, and immediate surrender of the Leased Equipment to Fifth Third.

6.    This Motion relates solely to the Leased Equipment described herein, and to no other property.  Fifth Third specifically reserves all of its rights and remedies with respect to all other indebtedness of the Debtor to Fifth Third under any other agreement between it and the Debtor, and as to all property that serves as collateral for any such indebtedness.

7.    A proposed Order is attached hereto as "Exhibit C".

WHEREFORE, Fifth Third Bank requests that this Court enter an Order granting it relief from the automatic stay, or alternatively, that the Court order the Equipment Lease to be immediately rejected, and that Fifth Third be permitted to immediately take possession of the Leased Equipment and dispose of it in accordance with the Fifth Third Equipment Lease and applicable state law, all for the reasons set forth herein.

Dated:  August 1, 2014

Dickinson Wright PLLC

By: _____/s/ Daniel F. Gosch_____
     Daniel F. Gosch (P35495)
Attorneys for Fifth Third Bank
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, MI 49503
(616) 458-1300
dgosch@dickinsonwright.com

21198-235  331333