UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 14-04719 BG |
| LAMAR CONSTRUCTION COMPANY, ) | |
| ) | Chapter 7 |
| Debtor. ) | |

**<u>OBJECTION TO TRUSTEE'S NOTICE OF RIGHT TO DEMAND HEARING, ABANDONMENT OF PROPERTY AND ORDER DISALLOWING SECURED CLAIMS</u>**

On August 1, 2014, the Trustee filed a "Notice of Right to Demand Hearing, Abandonment of Property and Order Disallowing Secured Claims" ("Notice") (Doc. 61). Mark Arroyo, Yvonne Bedolla, Jacqueline Cooper, Andrew Cuthbertson, Dennis Flynn, Todd Johnson, Steve Linton, Matthew Schaap, Chris Smith and Ken Woudwyk ("Movants") file their objection to the Notice pursuant to 11 U.S.C. § 544 and Rule 6007(b):

1. Movants are all former employees of the Debtor, each of whom has unpaid wages due him/her from the Debtor. Therefore, they are creditors of Defendant. Movants have interests in common with all former employees of the Debtor, who are too numerous to name individually for purposes of this Objection.

2. Movants file this Objection on their own behalves and as representatives of the interests of the approximately 280 employees who lost their jobs when the Debtor abruptly ceased operations in early July 2014.

3. The Notice indicates that the Trustee intends to abandon "ALL RECORDS OF THE DEBTOR EXCEPT FOR:

    A.    Bank Statements for FIFTH THIRD bank accounts from 2010 to June 2014.
    B.    Accounts payable records from 2012 to the end of business.
    C.    Certain records pertaining to the 401(k) plan for the debtor.
    D.    Certain financial statements from 2011 forward.
    E.    Tax returns for the debtor from 2010 to 2012.
    F.    Last returns related to payroll.

      G.      Titles to vehicles and certain files related to those.
      H.      The servers for the debtor holding data with a back-up external drive."

*See*, Notice (emphasis original).

4. The Notice further states that the Debtor's landlord "IS PREPARING FOR COMPLETE EVICTION OF THE TRUSTEE AND THE DEBTOR" and that the landlord "HAS INDICATED AN INTENT TO DISPOSE OF RECORDS." The records subject to disposal by the landlord include "JOB RECORDS, EMPLOYEE RECORDS AND ANYTHING ELSE NOT LISTED ABOVE." *See*, Notice (emphasis original).

5. Further, the Notice provides that barring objection, "**IN ACCORDANCE** with 11 USC 554, the above property will be deemed abandoned on the 15th day after the date of service shown below…" *See*, Notice (emphasis original).

6. The terms "JOB RECORDS" and "EMPLOYEE RECORDS" subject to disposal by the Landlord are vague, but among such records, Movants would reasonably include:

    a.    Time cards, or other employee time records, whether electronic or otherwise;

    b.    Gate logs;

    c.    Foreman's daily reports of hours worked;

    d.    Certified payroll reports;[1]

    e.    Other employee wage and benefit records, including but not limited to Forms W-2 and W-3, vacation and sick/PTO and safety bonus program records;

---

[1] The Debtor had operations in Michigan, Kentucky and Colorado, but considered itself to be a national contractor. Regulations implementing the Davis-Bacon Act, as well as individual state "Little Davis-Bacon Acts" and implementing regulations impose recordkeeping requirements, obligating contractors and subcontractors to maintain records, often for *at least* one (1) year after the work is completed: Federal: 29 C.F.R. § 5.5(a)(3); Kentucky: KY ST 337.530; Michigan: M.C.L.A. § 408.555.

      f.      Employee injury, Workman's Compensation, Short Term Disability, Long Term Disability, FMLA, medical files, and other healthcare and health insurance records;

      g.      Employee applications, pre-screenings, drug screens;

      h.      Employee discipline, discharge and unemployment files;

      i.      Records indicating the project names, locations of work and general contractor(s) at the time the Debtor ceased operations;

      j.      Individual employee property remaining on the Debtor's premises;

      k.      Employee handbooks, manuals and policies.

7.      Many of the foregoing documents and records falling under the category "EMPLOYEE RECORDS" would include Social Security Numbers; home addresses; beneficiary or dependent information, including regarding minor children; Protected Health Information ("PHI"); and any other information, generally accepted as private, even the inadvertent disclosure of which the average person would find embarrassing.

7.      The Debtor's former employees stand to be materially disadvantaged by entry of an order allowing the Trustee to abandon such records, in that neither Debtor nor the Landlord has an incentive to retain the records, or to protect the private information contained in them. All affected employees would also be disadvantaged with respect to their ability to investigate their claims and reduce them to Proofs of Claim in this case, as well as to pursue other available means of recovery of their unpaid wages and benefits.

8.      Furthermore, it is believed that certain employees may have personal property remaining on-site which they were not able to retrieve due to the abrupt closure of the Debtor's business.

3

WHEREFORE, Movants object to the Trustee's Notice of Right to Demand Hearing, Abandonment of Property and Order Disallowing Secured Claims and move the Court to require the Trustee to maintain the records and property identified in paragraph 6, and which may further be identified by the Trustee and/or the Debtor and to account to the Court for the same. Alternatively, Movants move the Court to appoint James R. Kimmey and the law firm of Cavanagh & O'Hara LLP as Custodian of said records and property, upon such conditions as may be deemed appropriate; for James R. Kimmey and the law firm of Cavanagh & O'Hara LLP to receive and maintain such records and property for the benefit of Debtor's terminated employees, so that it may be provided to them; and for payment of costs and expense for such custodianship from the bankruptcy estate.

        Respectfully Submitted,

        CAVANAGH & O'HARA LLP

         /s/  James R. Kimmey
        JAMES R. KIMMEY, ARDC 6314932 (IL)
        333 Salem Place, Suite 240
        Fairview Heights, IL  62208
        (618) 726-2530 (tel.)
        (618) 726-2533 (fax)
        jaykimmey@cavanagh-ohara.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing "Objection to Notice of Right to Demand Hearing, Abandonment of Property and Order Disallowing Secured Claims" was filed using the Court's CM/ECF System this 13th day of October, 2014 for service upon all Counsel of record.

        /s/  James R. Kimmey
        JAMES R. KIMMEY, ARDC 6314932 (IL)
        333 Salem Place, Suite 240
        Fairview Heights, IL  62208
        (618) 726-2530 (tel.)