UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE: )
) Case No. 14-04719 BG
LAMAR CONSTRUCTION COMPANY, )
) Chapter 7
Debtor. )
)

**OBJECTION TO TRUSTEE'S NOTICE OF RIGHT TO DEMAND HEARING, ABANDONMENT OF PROPERTY AND ORDER DISALLOWING SECURED CLAIMS**

NOW COMES Creditors Overhead Door Company of Kalamazoo, Inc., Building Restoration, Inc. d/b/a Division 5 Metalworks, AB Lock and Safe, Inc. d/b/a Fisher Door & Hardware, Inc., Kendall Electric, Inc., and Star Flooring Corporation, (collectively the "Creditors") by and through their attorneys, Clark Hill PLC, hereby respectfully submit their objection pursuant to Rule 6007(a), to the Trustee's "Notice of Right to Demand Hearing, Abandonment of Property and Order Disallowing Secured Claims" filed on August 1, 2014 ("Notice") (Doc. 61). In support of their Objection, Creditors state as follows:

1. Creditors are material suppliers and subcontractors in the construction industry.

2. Debtor Lamar Construction Company ("Debtor") is a contractor/subcontractor in the construction industry in Michigan.

3. Debtor engaged Creditors to provide materials and services for the purpose of using the materials and services to complete the terms of certain construction contracts.

4. Creditors provided materials and services incorporated by Debtor into specific construction projects.

5. Creditors are each owed funds for the materials and services provided to Debtor and are therefore creditors of Debtor and are listed in Debtor's Schedule F – Creditors Holding Unsecured Nonpriority Claims (Doc. 83).

6. As a contractor/subcontractor in the construction industry, Debtor is subject to the requirements of the Michigan Building Contract Fund Act, MCL 570.151 *et seq.* ("MBCFA").

7. The Notice indicates that the Trustee intends to abandon "ALL RECORDS OF THE DEBTOR EXCEPT FOR:

    A. Bank Statements for FIFTH THIRD bank accounts from 2010 to June 2014.
    B. Accounts payable records from 2012 to the end of business.
    C. Certain records pertaining to the 401(k) plan for the debtor.
    D. Certain financial statements from 2011 forward.
    E. Tax returns for the debtor from 2010 to 2012.
    F. Last returns related to payroll.
    G. Titles to vehicles and certain files related to those.
    H. The servers for the debtor holding data with a back-up external drive."

*See*, Notice (emphasis original).

8. The Notice further states that the Debtor's landlord "IS PREPARING FOR COMPLETE EVICTION OF THE TRUSTEE AND THE DEBTOR" and that the landlord "HAS INDICATED AN INTENT TO DISPOSE OF RECORDS." The records subject to disposal by the landlord include "JOB RECORDS, EMPLOYEE RECORDS AND ANYTHING ELSE NOT LISTED ABOVE." See, Notice (emphasis original).

9. The documents which the Trustee has proposed to be abandoned are necessary and fundamental to Creditors' claims to specific trust funds pursuant to the MBCFA.

10. The documents which the Trustee has proposed to abandoned are further necessary and fundamental to Creditors' claims against Debtor, and/or the individual owners, officers, and employees responsible for the financial operation and payment of Debtor's accounts payable for violations of the MBCFA and conversion of trust funds.

11. The documents which the Trustee has proposed to be abandoned are equally essential and important to Creditors' lien rights under the Construction Lien Act, MCL 570.1101 *et seq*.

12. Creditors file this objection on their own behalf and on behalf of other supplier/subcontractor creditors entitled to distribution of trust funds and/or creditors with claims against Debtor, and/or the individual owners, officers, and employees responsible for the financial operation, and payment of Debtor's accounts payable.

13. The MBCFA provides:

In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act *to be a trust fund*, for the benefit of the person making the payment, *contractors, laborers, subcontractors or materialmen*, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes. MCL 570.151 (emphasis added)

Any contractor or subcontractor engaged in the building construction business, who, with intent to defraud, shall retain or use the proceeds or any part therefor [sic], of any payment made to him, *for any other purpose than to first pay laborers, subcontractors and materialmen, engaged by him to perform labor or furnish material for the specific improvement, shall be guilty of a felony in appropriating such funds to his own use while any amount for which he may be liable or become liable under the terms of his contract for such labor or material remains unpaid*, and may be prosecuted upon the complaint of any persons so defrauded... MCL 570.152. (emphasis added)

*The appropriation by a contractor, or any subcontractor, of any moneys paid to him for building operations before the payment by him of all moneys due* or so to become due laborers, subcontractors, materialmen or others entitled to payment, *shall be evidence of intent to defraud*. MCL 570.153. (emphasis added)

14. Any proceeds received by a contractor are "Builders Trust Funds" and are the property of the laborers, subcontractors, and suppliers first. *Huizinga v. United States*, 68 F.3d 139, 144 (6th Cir. 1995). Upon receiving funds for a construction project, the contractor becomes a trustee with the fiduciary obligation to disburse funds in accordance with the MBCFA. *Id*; See

also *Weathervane Window, Inc. v. White Lake Constr. Co.*, 192 Mich. App. 316, 325, 480 N.W.2d 337, 341 (1991). "The statute imposes a duty upon the trustee to use the money in the building contract fund to first pay laborers, subcontractors and materialmen on the particular project for which the funds were deposited before he uses the fund for any other purpose." *Huizinga v. United States*, 68 F.3d 139, 144 (6th Cir. 1995); In re Johnson, 691 F.2d 249, 252 (6th Cir. 1982).

15.  A contractor or subcontractor is prohibited from retaining or using construction payments from a particular project until ALL laborers, subcontractors, and materialmen who worked on the project are paid. *Id.* The statute mandates that the trustee-recipient of the funds use them for the required purpose to first pay laborers, materialmen, or subcontractors, before the funds are used for any other purpose. *Id.*; see *Kriegish v. Lipan* (In re Kriegish), 97 Fed.Appx. 4 (6th Cir.2004) (subcontractor who used MBTFA funds to pay overhead and expenses on other projects violated MBTFA).  See also *Patel v. Shamrock Floorcovering Servs.*, (In re Patel), 565 F.3d 963, 970 (6th Cir. 2009); *BC Tile & Marble Co. v. Multi Bldg. Co.*, 288 Mich. App. 576, 794 N.W.2d 76 (2010*); People v. Miller*, 78 Mich.App. 336, 259 N.W.2d 877 (1977).

16.  The subcontractors, laborers, and suppliers own the beneficial title to the trust, while the contractor holds the legal title to the funds as trustee. *Selby v Ford Motor Co*, 590 F2d 642, 645 (6th Cir 1979). **Trust funds are not part of the bankruptcy estate and may not be appropriated for the benefit of the debtor's other creditors**. *Id.* at 647; *Weathervane Window, Inc v White Lake Constr Co*, 192 Mich App 316, 480 NW2d 337 (1991); *Huizinga v United States*, 68 F3d 139 (6th Cir 1995). The trust funds are to be used for the benefit of those supplying labor and materials and are not subject to the preference provisions of the bankruptcy

code. *Selby v Ford Motor Co*, 590 F2d 642, 645 (6th Cir 1979); *Huizinga v United States*, 68 F3d 139 (6th Cir 1995).

17. Any funds received by the Trustee and/or Debtor are trust funds payable to those beneficiaries of the trust who have provided labor and/or materials for the respective construction projects for the improvement to property. Only after those disbursements are made to the beneficiaries of the trusts can the remaining proceeds, if any, be placed into the trustees hands for the benefit of the estate. See *Selby v. Ford Motor Company*, et al., 405 F.Supp. 164 (E.D. Mich. 1975)(trust funds subject to the MBCFA are not property of the estate and not available to distribution to creditor's of the bankruptcy estate).

18. Therefore, the proceeds from projects in or with a significant connection to Michigan are trust funds which must be first paid to laborers, sub-contractors and suppliers of the particular building construction projects pursuant to MCL 570.151 *et seq*.

19. The documents which the Trustee has proposed to abandoned, including but not limited to "Job Files" are necessary and fundamental to Creditors' claims to specific trust funds.

20. Further, the individual owners and officers of Debtor, Carl Blauwkamp and George Holmes, have filed Chapter 7 bankruptcy petitions in the United States Bankruptcy Court for the Western District of Michigan, Case Nos. 14-05130-jwb and 14-04833-jwb respectively.

21. Section 523(a)(2) of the Bankruptcy Code excepts from discharge any debt obtained by fraud, false pretenses, or intention use of a materially false statement with the intent to deceive on which the creditor relied.

22. Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt arising from fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

23. On information and belief, the individual owners and officers of Debtor, Carl Blauwkamp and George Holmes, have wrongfully directed Debtor to defalcate and misappropriate trust funds and/or used the funds for their own use and benefit, or for the use and benefit of Debtor for purposes other than to first pay suppliers, subcontractors, and laborers in violation of the MBCFA.

24. Under the MBCFA, officers, members, owners and even employees of a business in the construction industry are individually liable for misappropriating funds received by the business for any other purpose other than first paying subcontractors, suppliers and laborers. MCL 570.151 et seq.; *BC Tile & Marble Co. v. Multi Bldg. Co.*, 288 Mich. App. 576, 586-587 (2010). A shareholder, director, or corporate officer who oversees the financial affairs of the company is personally liable for the corporation's breach of its fiduciary duty to the beneficiary under the MBCFA. *In re: Kenn R. Kriegish*, 275 BR 838, 840 (ED Mich 2002), aff'd 97 Fed Appx 4, 2004 (6th Cir 2004). Corporate officers who control the distribution of trust funds are personally liable for the corporation's breach of its fiduciary duty. *People v Brown*, 239 Mich App 735, 743 (2000) (criminal liability); *Au Bon Pain Corp v Artect, Inc*, 653 F 2d 61, 65 (2nd Cir 1981) (civil liability). "[A] corporate employee or official is personally liable for all tortious or criminal acts in which he participates, regardless of whether he was acting on his own behalf or on behalf of the corporation. If a defendant personally misappropriates funds after they are received by the corporation, he or she can be held personally responsible under the MBCFA." *Livonia Bldg Materials Co v Harrison Constr Co*, 276 Mich. App. 514, 519 (2007) (citations omitted).

25. Individual liability does not require a plaintiff to pierce the corporate veil because the MBCFA directly provides for liability of corporate officers. *Trustees of the Mich. Regional*

*Council of Carpenters Employee Benefits Fund v. Accura Concrete Walls, Inc.*, 408 F. Supp. 2d 370 ( E.D. Mich. 2005). "Officers of a corporation may be held individually liable when they personally cause their corporation to act unlawfully. In fact, a corporate employee or official is personally liable for all tortious or criminal acts in which he participates, regardless of whether he was acting on his own behalf or on behalf of the corporation." *BC Tile & Marble Co.* at 587 citing People v Brown, 239 Mich. App. 735, 739-740; 610 N.W.2d 234 (2000); *In re: Kenn R. Kriegish*, 275 BR 838, 840 (ED Mich 2002), aff'd 97 Fed Appx 4, 2004 (6th Cir 2004); People v Brown, 239 Mich App 735, 743; 610 NW 2d 234 (2000); *Au Bon Pain Corp v Artect, Inc*, 653 F 2d 61, 65 (2nd Cir 1981) (civil liability); *Patel v. Shamrock Floorcovering Servs.*, (In re Patel), 565 F.3d 963, 969 (6th Cir. Mich. 2009).

26. To prevail on a MBCFA claim, a plaintiff must prove (1) defendants are contractors or subcontractors engaged in the building construction industry, (2) defendants were paid for labor or materials provided on a construction project, (3) defendants retained or used any part of those funds, (4) for any purpose other than to first pay laborers, subcontractors, and materialmen, (5) who were engaged by Defendant to perform labor or furnish material for the specific project. *DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.*, 246 Mich. App. 43, 49 (2001).

27. A contractor/subcontractor then bears the burden to provide an accounting to demonstrate appropriate disbursement of funds received on the project. MCL 570.151; see also *Trustees of the Mich. Regional Council of Carpenters Employee Benefits Fund v. Accura Concrete Walls, Inc.*, 408 F. Supp. 2d 370 ( E.D. Mich. 2005)(Individual officer has the burden of proof that no violation occurred).

28.     Creditors object to the proposed abandonment and disposal of "JOB RECORDS, EMPLOYEE RECORDS AND ANYTHING ELSE NOT LISTED ABOVE" for the reason that corporate records, financial records, and job records, may be relevant and essential to Creditors' claims referenced above, including but not limited to:

- Corporate records and correspondences regarding officer/owner responsibilities, duties and obligations
- job/project files
- bids/contracts/change orders/extras
- sworn statements/pay applications
- correspondence/notes
- expenses/receipts
- invoices/bills/statements/delivery tickets
- project costs/project projections/project cost analysis/worksheets
- notices of commencement/construction liens/waivers
- rebates/discounts/refunds/credits/setoffs/chargebacks
- inspections/building permits
- bank statements/signature cards/deposit items/cancelled checks
- accounting records/accounting software/accounts receivable reports/accounts payable reports
- employee records/time cards/daily reports

29.     Further, whether a debt is non-dischargeable as arising out of Carl Blauwkamp's and George Holmes' violation of the MBCFA and defalcation of trust funds may require discovery regarding their knowledge, recklessness, negligence, bad faith, conscious disregard, willfully blind, or intention to violation the MBCFA pursuant to *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1759-1760 (U.S. 2013), and documents relating to same should be preserved.

30.     For all of the above-mentioned reasons, Creditors on their own behalf and on behalf of other supplier/subcontractor creditors entitled to distribution of trust funds and/or creditors with claims against Debtor, and/or the individual owners and officers, object to the abandonment and disposal of Debtor's records.

**WHEREFORE**, Creditors Overhead Door Company of Kalamazoo, Inc., Building Restoration, Inc. d/b/a Division 5 Metalworks, AB Lock and Safe, Inc. d/b/a Fisher Door & Hardware, Inc., Kendall Electric, Inc., and Star Flooring Corporation, object to the Trustee's Notice of Right to Demand Hearing, Abandonment of Property and Order Disallowing Secured Claims and request that the Court require the Trustee to maintain the records and property listed in part in paragraph 28, and which may further be identified by the Trustee and/or Debtor relevant to claims under the Michigan Building Contract Fund Act and Construction Lien Act, and to provide a detailed accounting of Debtor's records to the Court. Alternatively, Creditors request that the Court appoint Brian P. Lick and the law firm of Clark Hill PLC as Custodian of the records and property for the benefit of Debtor's creditors with claims under the Michigan Building Contract Fund Act and Construction Lien Act; and for payment from the bankruptcy estate of all costs and expenses incurred related to custodianship.

Respectfully submitted,

CLARK HILL PLC

/s/ Brian P. Lick
Brian P. Lick (P71577)
212 East Grand River Avenue
Lansing, Michigan 48906
(517) 318-3100
blick@clarkhill.com

Dated: August 14, 2014