UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
(GRAND RAPIDS)

| | |
|---|---|
| In re:<br><br>LAMAR CONSTRUCTION COMPANY,<br><br>Debtor. | Chapter 7<br><br>Case No. 14-04719 (JWB) |

**CONSENT ORDER RESOLVING OBJECTION OF AMERISURE INSURANCE
COMPANY AND AMERISURE MUTUAL INSURANCE COMPANY
TO TRUSTEE'S NOTICE OF ABANDONMENT**

This matter having come before this Honorable Court based upon the consent of the parties seeking an order resolving the objection (the "Objection") [Dkt. No. 133] filed by Amerisure Insurance Company and Amerisure Mutual Insurance Company (collectively, "Amerisure") to the *Notice of Right to Demand Hearing, Abandonment of Property and Order Disallowing Secured Claims* (the "Notice of Abandonment") [Dkt. No. 53] filed by Marcia R. Meoli, in her capacity as Chapter 7 trustee (the "Trustee") for Lamar Construction Company (the "Debtor");

WHEREAS, prior to July 11, 2014 (the "Petition Date"), Amerisure issued certain insurance policies to the Debtor, including the following policies (each a "Policy" and collectively the "Policies"): (i) a Commercial Automobile Policy, Policy No. CA20731770302, having a policy period November 1, 2013 through November 1, 2014; (ii) a Commercial Package Policy, Policy No. CPP 2073179040013, having a policy period November 1, 2013 through November 1, 2014; and (iii) a Workers' Compensation and Employers' Liability Policy, Policy No. WC-2073181-03, having a policy period November 1, 2013 through November 1, 2014;

WHEREAS, of these Policies, the Workers' Compensation and Employers' Liability Policy and the General Liability Coverage Part of the Commercial Package Policy are subject to

1

a paid loss, retrospective premium agreement meaning, among other things, that in order to ultimately determine the amount of premium that is due and owing on these Policies and the amount of Amerisure's claim against the Debtor's estate with respect to these Policies, Amerisure must have access to certain of the Debtor's business records so that it may conduct a premium audit;

WHEREAS, the Trustee proposes to abandon all records of the Debtor *except* for the eight categories identified in the Notice of Abandonment: certain bank statements; certain accounts payable records; certain 401k plan records; certain financial statements; certain tax returns; certain payroll returns; vehicle titles and certain related records; and computer servers and backup external hard drives (collectively, the "Proposed Retained Records");

WHEREAS, in order to conduct a premium audit, Amerisure requires access to the following business records of the Debtor: source payroll records for November and December 2013, and for 2014; quarterly federal and state tax reports for the 3rd and 4th quarters of 2013 and the 1st and 2nd quarters of 2014; checks registers and cash disbursement journals for the 3rd and 4th quarters of 2013 and the 1st and 2nd quarters of 2014; and certificates of insurance for all subcontractors (the "Required Premium Audit Records");

WHEREAS, Amerisure asserts that, due in part to the Debtor's landlord indicating its intent to dispose of any records of the Debtor located at the Debtor's former offices upon eviction of the Debtor, the Required Premium Audit Records may be abandoned by the Trustee until such time as the premium audit is completed, the amount of premium that is due and owing on the Policies and the amount of Amerisure's claim against the Debtor's estate with respect to the Policies is determined, and Amerisure's claim against the Debtor's estate is allowed;

WHEREAS, the parties hereto wish to resolve Amerisure's Objection to the Trustee's Notice of Abandonment through the entry of this Order; and

WHEREAS, the Court being fully advised in the premises.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, in addition to the Proposed Retained Records, the Trustee shall not abandon, but shall retain and preserve, the Required Premium Audit Records;

**IT IS FURTHER ORDERED** that the Trustee shall not abandon, but shall retain and preserve, the Required Premium Audit Records until the earliest of the Court's entry of a final order allowing any claim(s) filed by Amerisure in the instant case, Amerisure's written agreement that the Required Premium Audit Records may be abandoned, and the Court's entry of a final order authorizing the Trustee to abandon the Required Premium Audit Records after notice to Amerisure and an opportunity to object;

**IT IS FURTHER ORDERED** that in the event any party objects to any claim(s) filed by Amerisure in the instant case or asserts any claim, demand, or cause of action against Amerisure in the instant case, which objection, claim, demand or cause of action, or Amerisure's response or defense thereto, relates in any way to Amerisure's conduct of or the results of the premium audit, Amerisure shall be excused from providing proof of the validity or amount of any such claim, or of the correctness or accuracy of the premium audit, and no negative inference will be drawn from Amerisure's inability to do so if such inability to prove the validity or amount of any such claim, or of the correctness or accuracy of the premium audit, is a result of the Trustee's failure to retain and preserve, or to produce or provide Amerisure with access to, any of the Required Premium Audit Records.

*[Remainder of Page Left Intentionally Blank]*

Agreed to as to form, substance
and for entry:

MARCIA R. MEOLI, CHAPTER 7 TRUSTEE

By: __/s/ *Harold E. Nelson*_____
      Her Counsel

Harold E. Nelson  (P27974)
Rhoades McKee PC
55 Campau Avenue NW, Suite 300
Grand Rapids, Michigan 49503
TF: (616) 235-3500
FX: (616) 233-5269
Email:  henelson@rhoadesmckee.com


AMERISURE INSURANCE COMPANY
AND AMERISURE MUTUAL INSURANCE
COMPANY

By:___/s/ *Timothy W. Brink*_____
      Their Counsel

Timothy W. Brink (IL ARDC No. 06215802)
Meltzer, Purtill & Stelle, LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
TF:  (312) 987-9900
FX:  (312) 987-9854
Email:  tbrink@mpslaw.com

                          **END OF ORDER**