UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

LAMAR CONSTRUCTION CO.                    No. 14-04719-jwb
                                          Chapter 7
                                          Hon. James W. Boyd

        Debtor.

_____/

**RESPONSE AND LIMITED OBJECTION OF FIFTH THIRD BANK TO MOTION FOR
RELIEF FROM STAY PURSUANT TO 11 U.S.C. §362(d) OR FOR A DETERMINATION THAT
THE STAY DOES NOT APPLY**

        Now Comes Fifth Third Bank, ("**Fifth Third**"), by its attorneys, Dickinson Wright PLLC, and

for its Response and Limited Objection to the Motion for Relief from Stay (the "**Motion**") filed by

Harbor Village at Harbor Shores, LLC (the "**Movant**") says as follows:

        1.      Fifth Third is a secured creditor in the Debtor's Chapter 7 proceeding.  Fifth Third holds

a properly perfected senior security interest in, without limitation, the Debtor's accounts receivable.

        2.      The Motion indicates that the Movant is the owner of a project as to which the Debtor

"functioned as the general contractor".  Motion at ¶6.  It goes on to make numerous and varied

allegations as to (without limitation): (i) the Debtor's actions in such role, (ii) the delivery of invoices to

the Movant by the Debtor, (iii) the related payment of certain such invoices by the Movant, (iv) alleged

setoffs and other defenses inuring to the benefit of the Movant as a result of the acts of the Debtor, (v)

the assertion of various construction liens against the Movant's property and (vi) monies that might be

owing (or not owing) by the Movant to the Debtor.

        3.      Fifth Third lacks knowledge generally as to the matters alleged by the Movant as set

forth in Paragraph 2 above, neither admits nor denies such matters generally, and reserves all of its rights

with respect to any such allegations.[1]  However, to the extent the various allegations are incorrect, it is possible that the Movant's allegation that "there is thus no equity in the contract between Lamar and Harbor Village" (Motion at ¶34) may be incorrect, and that there may be (at least according to the Movant) as much as $273,639.32 owing by Movant to the Debtor (see e.g. Motion at ¶33.  Regardless of whether the Debtor's construction lien rights, if any, give rise to any right of the Debtor to any amounts in the hands of the Movant (see e.g., Motion at ¶49) Fifth Third clearly has an interest in any determination of whether the Debtor is owed money by the Movant, because of its lien and security interest in the Debtor's accounts receivable.

4.      The Motion seeks relief from the automatic stay to permit the Movant to litigate construction lien claims asserted against the Movant's property both affirmatively, and defensively in the state court (see e.g. Motion at ¶41).  Such litigation will necessarily relate directly and indirectly to disputes over payments made by the Movant to the Debtor, and whether the Movant owes any remaining monies to the Debtor.  Thus granting the relief requested in the Motion will ultimately initiate the process by which a court will determine whether there is in fact "equity in the contract between Lamar and Harbor Village" (Motion at ¶34).  Granting the relief requested by the Movant, and the subsequent state court litigation that will apparently follow will in turn impact the rights of the Debtor to any account receivable that may be owed by the Movant, and thereby impact Fifth Third's rights as the holder of a lien and security interest in such accounts receivable.[2]

---

[1] Fifth Third however denies the unsupported general allegations of the Motion that monies the Movant paid to Lamar were "taken" by Fifth Third.  See Motion at ¶¶17 and 28.

[2] While certain aspects of what the Movant wishes to do with respect to construction lien claims asserted against its property may in fact constitute actions by a "non-debtor against a non-debtor" as alleged in the Motion (Motion at ¶38), Fifth Third believes that the automatic stay does apply to the extent any action by the Movant would impact the Debtor's right to payment under any contract that existed as of the date of the filing of the chapter 7 petition, for example (and without limitation) by the Movant's unilateral implementation of alleged setoffs as described in the Motion.  It does not appear that the Movant believes to the contrary, at least as it relates to setoffs, based upon the provisions of Paragraphs 55 and 56 of the Motion.

5.      Fifth Third therefore objects to the Motion to the limited extent it can be construed to request that the Court make actual factual findings of any kind based upon the allegations of the Motion which might be deemed to have any preclusive effect on any party, including, without limitation, Fifth Third in future litigation, without a full notice and opportunity for any necessary discovery and evidentiary hearing in an appropriate court with respect to the allegations.  To the extent the Motion is otherwise granted, the Court's action should not be deemed a finding or ruling of this Court that the factual allegations of the Motion are necessarily true, and all relevant parties, including, without limitation, Fifth Third, should be permitted to fully and freely litigate all relevant issues in the state court, where the Movants apparently desire to proceed.

6.      Fifth Third further objects to the Motion to the limited extent it asks the Court to grant relief which does not take into account Fifth Third's lien and security interest in the Debtor's accounts receivable, and to the extent that the requested relief does not provide adequate protection to Fifth Third with respect to such lien and security interest.  Any relief granted pursuant to the Motion should be also be conditioned upon providing adequate protection to Fifth Third on account of its lien in the Debtor's accounts receivable—notwithstanding any allegation by the Movant that there is no value to that lien insofar as it relates to any receivable owed by the Movant.

7.      Fifth Third does not object generally to the concept of the Movant hereafter proceeding with litigation in the state court as to the matters described in the Motion.  Further, subject to the limited objections raised, Fifth Third does not contend that the specific relief requested (relief from the stay to proceed in state court generally) should not, or cannot be granted by the Court in accordance with Section 362(d) as requested by the Movant, provided that the points raised by Fifth Third above are appropriately addressed.  Fifth Third believes its objections can be addressed if (i) any related Order of the Court granting the requested relief clearly preserves all parties' rights and defenses under state law (whatever they may be) with respect to the factual allegations made in the Motion and the claims that the Movants may hereafter assert in state court, and (ii) any related Order of the Court that extends relief

from the stay to the Movant makes clear that such relief extends to all parties (including, without limitation, Fifth Third) who have an interest in the underlying contract(s) that are the subject of the dispute between the Movant and the Debtor (and any related account receivable), so that any such parties may assert their rights (if any) with respect to the contract(s) and any related account receivable, and appear, as may be required/permitted/appropriate by applicable state law, in connection with any matter related to the foregoing that may hereafter be commenced by the Movant or a related claimant, in each case without the need for further relief from this Court.

WHEREFORE Fifth Third Bank requests that the Court condition any relief granted by the Court with respect to the Motion in the manner set forth above, for the reasons set forth herein.

Dated:  October 13, 2014

Dickinson Wright PLLC

By:___ */s/ Daniel F. Gosch*_____
     Daniel F. Gosch (P35495)
Attorneys for Fifth Third Bank
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, MI 49503
(616) 458-1300
dgosch@dickinsonwright.com

21198-235  339027