UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

LAMAR CONSTRUCTION CO.                           No. 14-04719-jwb
                                                  Chapter 7
                                                  Hon. James W. Boyd
        Debtor.

_____/

### MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR ORDER REQUIRING TRUSTEE TO PAY CERTAIN ACCOUNT RECEIVABLE PROCEEDS TO SECURED PARTY

Now Comes Fifth Third Bank, an Ohio banking corporation ("**Fifth Third**"), by its attorneys, Dickinson Wright PLLC, and moves for the entry of an Order of this Court granting it relief from the automatic stay and requiring the Trustee to pay over to Fifth Third the proceeds of certain accounts receivable payments received by the Trustee since the Petition Date (herein the "**Motion**"), and in support of the Motion, say as follows:

1.      The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on July 11, 2014 (the "**Petition Date**").  The Trustee was appointed as the Interim Trustee in this case in connection with the filing of the Petition pursuant to Section 701 of the Bankruptcy Code, and now serves as the Trustee in accordance with Section 702(d) of the Bankruptcy Code.

2.      Prior to the Petition Date, the Debtor entered into certain financing arrangements with Fifth Third, which were secured by, amongst other things, a first priority lien and security interest upon the Debtor's accounts receivable.  The Trustee has reviewed the documents evidencing the liens and security interests of Fifth Third, and agrees that Fifth Third holds a first priority, senior perfected security interest in the Debtor's accounts receivable.

3.      The Court has previously granted the Trustee and Fifth Third's joint motion seeking approval of certain procedures relating to the collection of accounts receivable and the settlement of related trust fund claims with respect to those accounts receivable (the "**Procedures Motion**").  In

conjunction with that relief, the Court recognized that certain owners and other account debtors who may owe monies to the Debtor might seek relief from the automatic stay to attempt to resolve matters relating directly or indirectly to such accounts receivable in state court. Some such parties have already sought such relief from the Court.

4. In order to assert and protect its rights in connection with any such state court proceedings relative to accounts receivable of the Debtor, whether in accordance with MCL 440.9607 or otherwise, it may be necessary for Fifth Third, as the holder of the senior lien and security interest in such accounts receivable, to give notices to account debtors under MCL 440.9406 (or similar statutes in other states), or to otherwise take action under state law to enforce its lien and security interest and collect the accounts receivable of the Debtor.

5. The automatic stay should be terminated as to Fifth Third with respect to the Debtor's accounts receivable so that Fifth Third may give any such notice, and otherwise appropriately enforce its rights under applicable state law with respect to accounts receivable. Such action is consistent with the relief granted by the Court pursuant to the Procedures Motion, because under the Procedures Motion, those parties willing to try to resolve account receivable issues consensually may still do so, and Fifth Third will, with appropriate relief from the automatic stay, be able to take appropriate steps under applicable state law to protect and/or enforce its claim to the Debtor's accounts receivable in those instances in which consensual resolution does not or cannot take place.

6. In addition, since the Petition date, the Trustee has received payments made unilaterally and voluntarily (without request by Fifth Third) by certain parties to the Debtor with respect to accounts receivable owed by the payor. These payments appear to have been made in all instances in the ordinary course of business by the payor, via ordinary mail that the Trustee received. The amount of the payments received, the name of the remitting party, and the related projects on account of which the payments were made, are summarized on attached Exhibit "A" hereto. The payments received are referred to collectively herein as the "**Receivable Payments**".

7.  The Debtor's books and records indicate that with respect to five of the remitted Receivable Payments, there are suppliers or materialmen who were unpaid as of the Petition Date with respect to the related project on account of which the payments were made, and who may, therefore, have claims to some portion of the related Receivable Payments pursuant to the provisions of MCL §570.151 (collectively the "**Potential Related Trust Fund Claims**").  Exhibit "A" further reflects the amount of the Potential Related Trust Fund Claims relating to these Receivable Payments, and the name of the party or parties purportedly holding the Potential Related Trust Fund Claim, as reflected by the Debtor's books and records.  Exhibit "A" excludes any Receivable Payment in which the Debtor's books and records indicate that the amount of the Potential Related Trust Fund Claims exceed the amount of the remittance.

8.  The aggregate amount of the remitted Receivable Payments as to which relief is sought totals $68,210.72.  The aggregate amount of the Potential Related Trust Fund Claims totals $8,101.81.  The net amount of the Receivable Payments is thus $60,108.91 (the "**Net Receivable Payments**").  The Net Receivable Payments are clearly subject to Fifth Third's first priority lien and security interest in the Debtor's accounts receivable and are not, according to the books and records of the Debtor, subject to any remaining claim on the part of any person.[1]

9.  The automatic stay should be terminated with respect to the Net Receivable Payments, and the Trustee should be required to remit the Net Receivable Payments directly to Fifth Third on account of its perfected lien and security interest, for application to its claim against the Debtor.  Fifth Third does not request that the Court take any action with respect to the amount of the Receivable Payments which are the subject of the Potential Related Trust Fund Claims, and requests that such amounts ($8,101.81) remain on deposit with the Trustee, pending an appropriate further order of this Court with respect to such amounts.

---

[1] Fifth Third reserves its rights with respect to any future disposition of the portion of the Receivable Payments which are the subject of the Potential Related Trust Fund Claims.

3

10.     As noted previously, the Trustee acknowledges that Fifth Third holds as a senior, first priority lien in the Debtor's accounts receivable. As of the Petition Date, per Fifth Third's filed proof of claim, the Debtor owed Fifth Third approximately $12,000,000. The estate clearly lacks equity in the Debtor's accounts receivable. Although the face amount of the Debtor's accounts receivable, as reflected by the Debtor's books and records exceeded $12,000,000 on the Petition Date, the abrupt cessation of the Debtor's business appears to have had a material impact on the collectibility of such accounts receivable and Fifth Third presently estimates the collectible value of such accounts receivable to be materially less than $12,000,000.[2] Further, because this is a chapter 7 proceeding, there will be no reorganization of the Debtor. Accordingly, relief from the automatic stay as set forth above is appropriate for the benefit of Fifth Third pursuant to Section 362(d)(1) and (d)(2) of the Code with respect to the Debtor's accounts receivable, and the Trustee should additionally be required to deliver the Net Receivable Payments to Fifth Third.

7.     Fifth Third further requests that the Court order that the stay period provided by Bankruptcy Rule 4001(a)(3) shall not apply, and that the relief requested herein be effective immediately upon the entry of an Order granting this Motion. A proposed Order is attached hereto as Exhibit "B".

---

[2] As of the filing of this Motion, more than $56,000,000 in claims had been filed in the Debtor's case, and it is clearly the case that any number of the related claimants have or will assert claims against owners of projects performed by the Debtor, which if allowable against such owners, will have a direct and material impact upon the accounts receivable due the Debtor. The Court can, in this regard, take judicial notice of such positions as asserted by creditors in connection with the Procedures Motion.

WHEREFORE, Fifth Third Bank requests that the Court enter an appropriate Order granting the Motion, providing it with relief from the automatic stay with respect to the Net Receivable Payments, and requiring the Trustee to remit the Net Receivable Payments to Fifth Third, all for the reasons set forth herein.

Dated: October 30, 2014

    Dickinson Wright PLLC

By: /s/ *Daniel F. Gosch*
Daniel F. Gosch (P35495)
Attorneys for Fifth Third Bank
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, MI 49503
(616) 458-1300
dgosch@dickinsonwright.com